**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1428-22

UNITED SPECIALTY
INSURANCE COMPANY,

     Plaintiff-Respondent,

v.

CENTURY WASTE SERVICES,
LLC,

     Defendant-Appellant,

and

ASHLEY WAITE, ANGELA
AMERUOSO, JESUS HURTADO
PEREZ, JESUS EDWARD
HUTADO, and MIGUEL ANGEL
LECHUGA GUTIERREZ,

     Defendants.

_____

Argued October 18, 2023 – Decided November 20, 2023

Before Judges Currier and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-1632-19.

Geoffrey T. Bray argued the cause for appellant (Bray & Bray, LLC, attorneys; Geoffrey T. Bray, on the brief).

Thomas M. Wester argued the cause for respondent (Goldberg Segalla, LLP, attorneys; Christian A. Cavallo and Thomas M. Wester, of counsel and on the brief).

PER CURIAM

This matter involves an insurance coverage dispute arising from an automobile accident involving an employee of defendant Century Waste Services LLC (Century). The employee was operating a vehicle owned by a manager's mother —a vehicle not covered under the insurance policy issued to Century by United Specialty Insurance Company (USI). Century appeals from December 2, 2022 Law Division orders granting summary judgment in favor of USI, and denying defendant's motion for summary judgment, ruling that USI is not required to indemnify Century. Century contends USI is estopped from denying coverage because USI's reservation of rights letter did not inform Century that it could accept or reject USI's assigned counsel. Century further contends it suffered prejudice by USI's control of the defense of the underlying lawsuit. After carefully reviewing the record in view of the governing legal principles and arguments of the parties, we affirm.

We discern the following pertinent facts and procedural history from the record. On March 3, 2017, a manager employed by Century asked another employee to drive from Elizabeth, New Jersey to the Bronx, New York to pick up a check from a Century customer. The manager gave the employee permission to drive a vehicle owned by the manager's mother. The employee was involved in a car accident on the way to pick up the check.

The passengers in the other vehicle filed a complaint against Century, the Century employee who drove the borrowed vehicle, and the owner of the borrowed vehicle, seeking to recover damages for injuries they sustained in the car accident.

In July 2017, USI's claim administrator sent a letter to Century advising it had retained counsel to defend Century in the underlying action. The letter advised Century that if Century chose to retain its own attorney, it would be at its own expense.

GEICO, the borrowed vehicle's insurer, assigned counsel to defend both the vehicle's owner and the Century employee driving the vehicle at the time of the accident.

On March 20, 2019, USI wrote to Century offering to continue to defend Century in the underlying lawsuit, subject to a reservation of rights. The letter

stated, "[i]f we do not hear from you to the contrary, we will assume that you consent to the retention of Meaghan Lipton, Esq. for this matter." Century never objected to USI's continued representation in the underlying action.

In May 2019, USI filed a complaint seeking a declaratory judgment that USI did not owe Century a defense or indemnity in the underlying lawsuit. In the summer of 2020, USI filed a motion for summary judgment in the declaratory judgment action. Century cross-moved for summary judgment seeking to require USI to provide a defense and indemnify Century in the underlying lawsuit. On October 7, 2020, the trial court entered orders denying both parties' summary judgment motions.

On November 4, 2022, USI filed another motion for summary judgment seeking a declaratory judgment that it did not owe Century a defense or indemnity in the underlying lawsuit. On November 22, 2022, Century cross-moved for summary judgment and opposed USI's motion.

On December 2, 2022, the trial court entered orders granting USI's summary judgment motion and denying Century's cross-motion. The trial court reasoned, "[t]here was never any coverage for Century [] on the underlying action under the [USI] policy in the first place" and that "Century [] cannot be allowed to create that coverage through estoppel. . . ." The court determined the

4

March 20, 2019 letter from USI reserving its rights was not insufficient simply because it did not include "certain magic words."  The court further determined Century had suffered no prejudice.

On appeal, Century contends that USI should be estopped from denying coverage because the March 20, 2019 reservation of rights letter did not contain the required language to inform Century it could accept or reject the offer of a defense, and because Century incurred prejudice as a result of USI's control of the legal defense.

Our review of a trial court's decision regarding a motion for summary judgment is de novo.  Samolyk v. Berthe, 251 N.J. 73, 78 (2022).  "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 378 (1995)).

We employ the same standard as the trial court and "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party."  Samolyk, 251 N.J. at 78 (quoting Brill v. Guardian Life Ins. Co. of Am., 142

N.J. 520, 540 (1995)).  A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  R. 4:46-2(c).

Turning to substantive legal principles, "[e]stoppel is a doctrine applied at law and in equity for the purpose of precluding a party 'from asserting rights which might perhaps have otherwise existed. . . as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse.'"  Northfield Ins. Co. v. Mt. Hawley Ins. Co., 454 N.J. Super. 135, 145 (App. Div. 2018) (quoting Highway Trailer Co. v. Donna Motor Lines, Inc., 46 N.J. 442, 449 (1966)).  In Griggs v. Bertram, the New Jersey Supreme Court explained:

> [t]he strongest and most frequent situation giving rise to such an estoppel is one wherein a carrier undertakes to defend a lawsuit based upon a claim against its insured.  If it does so with knowledge of facts that are relevant to a policy defense or to a basis for noncoverage of the claim, without a valid reservation of rights to deny coverage at a later time, it is estopped from later denying coverage.
>
> [88 N.J. 347, 356 (1982) (emphasis added).]

A-1428-22

"[T]he predominant view is that a loss which is not within the coverage of a policy cannot be brought within such coverage by invoking the principles of waiver or estoppel." Greenberg & Covitz v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 312 N.J. Super. 251, 264 (App. Div. 1998). However, "reasonable, detrimental reliance by an insured . . . on words or conduct of an insurer may estop the insurer from denying coverage for a claim which is not within the policy's definition of coverage or is excluded by a specific provision." Id. at 264-65.

In the matter before us, Century does not dispute the borrowed vehicle does not qualify as a "covered auto" under the USI policy. Its coverage/indemnification argument rests on the principle of estoppel, which in turn hinges on whether Century was properly informed of its right to choose either to consent to legal representation by the lawyer provided by USI, or to retain its own attorney at its own expense. The law is well settled that "[w]ithout the insured's consent or circumstances that suggest the insured acquiesced in the insurer's control of the defense, an insurer will be estopped from later disclaiming coverage." Northfield, 454 N.J. Super. at 143 (citing Griggs, 88 N.J. at 356).

A-1428-22

"Reservation of rights letters have long been regarded as proper defense mechanisms for insurance companies." Passaic Valley Sewerage Comm'rs v. St. Paul Fire and Marine Ins. Co., 206 N.J. 596, 616 (2011) (citing Burd v. Sussex Mut. Ins. Co., 56 N.J. 383, 393-95 (1970)). Under such an agreement, the insurance company cannot be held ultimately responsible for payments otherwise required by the insurance policy. "It seems to be universally agreed that the defense of an action against the insured is incompatible with a denial of liability unless the carrier has reserved the issue of its liability by appropriate means." Merchants Indem. Corp. v. Eggleston, 37 N.J. 114, 126 (1962).

The filing of a declaratory judgment does not qualify as a reservation of rights. For example, in Merchants, the insurance company controlled the preparation for and the defense of the underlying damage suit. Id. at 131-32. The insurance company had participated in discovery proceedings. Id. at 125. The first suggestion of disclaimer of rights appeared in a complaint by the insurance company for a declaratory judgment. Ibid. At no time had the insurer offered to defend with reservation of rights. Id. at 128. The insurer "relie[d] wholly upon the fact that it instituted an action for a declaratory judgment." Ibid. Thus, the Court held, "we cannot agree that a carrier may claim the right

to defend and escape the consequences by filing a suit for a declaration of its duty." Ibid.

The Court in Merchants further explained that an "agreement may . . . be inferred from the insured's failure to reject the carrier's offer to defend with a reservation of rights." Id. at 126. "[B]ut to spell out acquiescence by silence, the letter must fairly inform the insured that the offer may be accepted or rejected." Id. at 127-28.

In the matter before us, we are dealing with a variation of acquiesce by silence. In determining whether the March 20, 2019 letter was adequate in informing Century of its options, we find helpful guidance in Northfield. We explained, "[t]he insurer of course may plainly ask for consent or advise the insured it has a right to reject the defense, but the insured's rights may be observed in other ways." Northfield, 454 N.J. Super. at 143. We noted the clearest approach occurs when the insurer clearly expresses that if the insured consents, it would provide a defense subject to the reservation of rights. Id. at 143. Importantly, however, we acknowledged that "[t]he insured's consent to the insurer's control of the defense in such circumstances may, however, be derived through other means." Ibid. We noted there are no "magic words" needed to constitute a valid reservation of rights. Id. at 138.

9

In Northfield, the insurer's letter stated it was, "disclaiming any obligation to indemnify" but was "willing to provide…a courtesy defense." Id. at 143. We held that phrasing generated doubt whether the insured's "failure to decline that ostensible favor justifies a finding of acquiescence that [the insured] acquiesced in Northfield's control of the defense of the underlying action." Id. at 144. That uncertainty, we concluded, precluded summary judgment. Ibid.

Applying these foundational principles to the matter before us, we are satisfied the "if we do not hear from you" language in the March 20, 2019 reservation of rights letter adequately communicated that Century had the option to reject the use of the attorney retained by USI. We infer that Century elected not to exercise its option to retain its own counsel when it chose not to advise USI that it did not want its interests represented by the attorney retained by USI. See U.S. Cas. Co. v. Home Ins. Co., 79 N.J. Super. 493, 498 (App. Div. 1963) (holding that a reservation of rights which stated, "[u]nless we receive written notice to the contrary, within five days of the date of this letter, we shall assume that you agree to our handling of this matter with a full reservation of rights to all parties, we shall proceed accordingly" was sufficient). We thus conclude that Century consented to allow the attorney retained by USI to control the defense of the underlying lawsuit.

In these circumstances, Century fails to provide a basis upon which to apply the estoppel doctrine. We add that the question of detrimental reliance and prejudice becomes moot once it is determined the reservation of rights letter was adequate to explain the insured's options. But even if were we to assume for the sake of argument that prejudice is a relevant consideration, here, Century has not shown that it suffered any prejudice. See Northfield, 454 N.J. Super. at 145 (rejecting a "blanket statement" that prejudice to the insured will be assumed). It is not disputed that USI's reservation of rights letter was sent twenty months after it had retained an attorney to defend Century in the underlying lawsuit. But, as counsel candidly acknowledged at oral argument before us, Century is not able to show how the case would have been handled differently had it chosen to retain a different attorney at its own expense.[1] Accordingly, Century has not shown it suffered prejudice.

To the extent we have not addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

---

[1] We add that GEICO appears to have been controlling the litigation as the insurer for the owner of the borrowed vehicle and the person driving it at the time of the accident.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

12                                                    A-1428-22